UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J. R., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   No. 4:05CV02207 ERW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Defendant. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of J. R. for leave to remove a state court action to this Court without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

## 28 U.S.C. § 1446(c)(4)

Additionally, 28 U.S.C. § 1446(c)(4) provides that a district court shall examine a notice of removal promptly and, "[i]f it appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4).

## The notice of removal

Liberally construing the notice of removal, it appears that plaintiff, a minor, seeks to remove to the United States District Court for the Eastern District of Missouri a criminal case which is pending against him in the Eleventh Judicial Circuit (St. Charles County). Plaintiff states that, on June 17, 2005, he was indicted on charges of robbery in the first degree and armed criminal action; and on October 20, 2005, he was arraigned on the charge of stealing, via the internet.

Plaintiff alleges that he has been denied equal protection of the law. Specifically, plaintiff alleges that he is facing criminal penalties in state court, where he is being tried as an adult, that are more onerous than if he were being prosecuted as a juvenile under federal laws for wire fraud and robbery of a credit union. Plaintiff alleges that the St. Charles County prosecutor circumvented the state juvenile process which would have required plaintiff to have a hearing to determine whether to prosecute him as an adult. According to plaintiff, such hearing would have allowed for a determination of whether there was "racial disparity in certification," in violation of 28 U.S.C. § 1443,

in that plaintiff is an African-American in a county that is 2.7% African-American. Plaintiff asserts that this fact raises the likelihood of bias in the state's actions.

## Discussion

This matter should be summarily remanded back to the Eleventh Judicial Circuit (St. Charles County) for the State of Missouri.

### A. Removal statutes.

Plaintiff's claim that this action can be removed pursuant to 28 U.S.C. §§ 1446 and 1443 cannot be maintained. The right to remove is statutory and must be strictly construed. "Due regard for the rightful independence of state governments,...requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 872 (1941) (*quoting Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 703 (1934)) (citations omitted); *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). In promoting this policy, the Court resolved doubts in construction of removal statutes against removal and has refused to expand removal jurisdiction when such expansion could be avoided. *Id*. at 108-09, 61 S.Ct. at 872.

#### 1. 28 U.S.C. § 1446.

Section 1446 sets forth the general removal procedure. A notice of removal of a criminal prosecution must be filed not later than thirty days after arraignment and must contain all grounds for such removal. 28 U.S.C. § 1446(c)(1), (2). Here, plaintiff's notice of removal was timely filed on the thirtieth day after his arraignment and includes plaintiff's grounds for removal.

#### 2. 28 U.S.C. § 1443

Even though plaintiff's removal notice was timely and plaintiff stated his grounds for removal, plaintiff has not established his eligibility for a § 1443 removal. Section 1443 applies only

to denials of specific rights of racial equality and to enforcement activity by federal officers and those acting under them, neither of which is alleged herein. 28 U.S.C. § 1443(1), (2); *see Georgia v. Rachel*, 384 U.S. 780, 792, 86 S.Ct. 1783, 1790 (1966); *State of Iowa v. Johnson*, 976 F.Supp. 812, 817 (N.D. Iowa 1997).

As to subsection (1), plaintiff has alleged that the state criminal prosecution commenced against him may equally be brought under federal law and that there is greater likelihood of racial bias in the state proceedings because St. Charles County is only 2.7% African-American. Plaintiff asserts that he has been denied equal protection of the law in state court because he is being tried as an adult rather than being prosecuted as a juvenile under federal laws.

The Court is not persuaded that the allegation that the percentage of African-Americans in St. Charles County is small demonstrates that the state court will not fairly enforce plaintiff's equal rights. *See City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 850, 86 S.Ct. 1800, 1824 (1966). "Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts." *Rachel,* 384 U.S. at 800, 86 S.Ct. at 1796. "The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial." *City of Greenwood*, 384 U.S. at 827-28, 86 S.Ct. at 1812-13 (citations omitted); *see also Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997). Because plaintiff's allegations do not cause the Court to conclude that the state prosecutor has racially discriminatory motives or that plaintiff's rights will inevitably be denied by the very act of bringing him to trial in St. Charles County court, removal cannot be maintained under § 1443(1). *See id.*

Subsection (2) is clearly inapplicable because plaintiff does not allege that he was acting under "color of authority derived from any law providing for equal rights." 28 U.S.C. §

1443(2); *see Johnson*, 976 F.Supp. at 817. Moreover, the Supreme Court has held that "color of authority" is "limited to enforcement activity by federal officers and those acting under them." *Id*. (*citing City of Greenwood,* 384 U.S. at 823, 86 S.Ct. at 1810. Thus, removal pursuant to § 1443(2) cannot be maintained.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is summarily remanded to the Eleventh Judicial Circuit (St. Charles County) for the State of Missouri. *See* 28 U.S.C. § 1446(c)(4).

So Ordered this 20th Day of December, 2005.

_____
**E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE**